IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 1:21-po-83 |
| v. | ) | |
| | ) | The Honorable Theresa Carroll Buchanan |
| ARTHUR KELLY, | ) | |
| | ) | Hearing: June 15, 2021 |
| | ) | |
| Defendant. | ) | |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The United States of America, through the undersigned counsel, in accordance with 18 U.S.C. § 3553(a), hereby submits its position with respect to sentencing of the defendant, Arthur Kelly. On June 1, 2021, the defendant pled guilty to a single violation notice charging him with vandalism, in violation of 36 C.F.R. 2.31. The maximum penalties for this offense are six months' imprisonment, a $5,000 fine, and a $10 special assessment. In light of the defendant's 40-year criminal history for similar conduct and courts' inability to deter his criminal behavior, the United States submits that a sentence of 12 months' probation with a special condition that he serve 150-days' incarceration and pay restitution of $180 is appropriate. Such a sentence is warranted under the 18 U.S.C. § 3553(a) factors, particularly, the need to protect the public from further crimes of the defendant by incapacitating him in jail.

### I. BACKGROUND

#### A.     Facts of the Case

On January 31, 2021, the defendant and a co-conspirator, acting together, smashed the window of a Ford Explorer parked at Turkey Run Park. ECF No. 12. The defendant and co-

1

conspirator then stole a wallet from the vehicle and used the victim's credit cards at a nearby CVS store. *Id*.

  **B.**  **Criminal History**

  The defendant's actions in this case are consistent with offenses that he has committed throughout his adult life. The Presentence Investigation Report ("PSR") details 27 different instances of criminal conduct that led to a conviction, and in some instances, multiple convictions. PSR ¶ 21-47. The convictions include 13 cases involving credit card related theft and forgery, and an additional eight convictions for theft or larceny. *Id*. The following chart, which spans the next three and a half pages, summarizes the defendant's criminal history:

| Date of Arrest | Charge | Sentence |
| --- | --- | --- |
| 02/25/1970 | (1) Attempted Petit Larceny<br>(2) Assault | Counts 1-2: 1-year execution of sentence suspended; 2-years' probation |
| 05/28/1970 | Violation of Harrison Narcotic Act | 6-months' to 10-years' imprisonment |
| 12/01/1977 | Carrying a Dangerous Weapon | 11-months' incarceration |
| 02/20/1982 | Uniform Controlled Substances Act-Heroin Possession | 1-year incarceration |
| 01/06/1983 | (1) Uniform Controlled Substances Act-Possess Drug Paraphernalia<br>(2) Carrying a Pistol without a License | (1) 15-months' jail<br>(2) 1-year jail; concurrent. |
| 11/03/1984 | Theft II | 75-days' jail, consecutive. |
| 11/19/1985 | Possess Schedule I or II Controlled Drug | 180-days' jail |
| 7/17/1986 | (1) Uttering<br>(2) Stolen Goods: Buy/Receive, Larceny Greater or Equal to $200 | (1) 1-3-years' incarceration<br>(2) 1-year incarceration |

2

| | | |
|---|---|---|
| 05/31/1989 | (1) Breaking and Entering<br>(2) Credit Card Theft<br>(3) Credit Card Theft | Counts 1-3: 3-years' incarceration, per count, suspended for 3 years; Count 1 to run consecutive to all other sentences; Counts 2-3 to run concurrently to Count 1; credit for time served; 3-years' probation; substance abuse counseling and/or testing as directed; pay court costs.<br><br>04/21/00: Violation Hearing. 3-years' incarceration imposed; credit for time served; pay additional costs; probation terminated. |
| 06/28/1989 | Credit Card Theft | 5-years' incarceration, 4-years suspended; 3-years' probation (prior sentence appealed)<br><br>08/09/94: Violation Hearing. Sentenced to 2-years' incarceration; probation terminated unsuccessfully. |
| 07/24/1989 | Credit Card Fraud (2 counts) | 3½ to 10-years' incarceration; all but 3-years suspended; 5-years' probation. |
| 08/10/1989 | Forgery | 3½ to 10-years, all but 3-years suspended 5-years' probation. |
| 10/02/1992 | Credit Card Misuse | 10-years' incarceration, 9-years suspended, 4-years' supervised probation<br><br>07/28/94: Probation revoked. 3½-years' incarceration with credit for time served. |
| 11/02/1992 | Credit Card Forgery | 15 years' incarceration, all but 18-months suspended with credit for time served; 5-years' supervised probation.<br><br>07/28/94: Probation violation. 3½-years' incarceration imposed. Sentence to run concurrent above and below probation violations. |
| 11/06/1992 | (1) Credit Card Theft<br>(3) Credit Card Offense<br>(7) Credit Card Offense | Count 1: 18-months' incarceration, concurrent to above offense.<br>Count 3: 15-years' incarceration, all but 18-months suspended, concurrent to above offense.<br>Count 7: 15-years' incarceration, all but 18-months suspended, concurrent to Count 3.<br>5-years' probation per count, concurrent. |

3

|            |                                                                                                     |                                                                                                                                                                                                                                                                       |
|------------|-----------------------------------------------------------------------------------------------------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |                                                                                                     | 07/28/94: Probation violation. 3½-years' incarceration imposed for Counts 3 and 7; sentences to run concurrent to two above probation violations. |
| 02/19/1994 | (1) Theft Less Than $300<br>(2) Uttering False Document                                             | (1) 1-year incarceration<br>(2) 18-months' incarceration                                                                                          |
| 05/16/1994 | (1) Attempted Credit Card Fraud                                                                     | 1-year jail                                                                                                                                       |
| 12/11/1999 | (1) Credit Card Theft<br>(2) Credit Card Forgery<br>(3) Credit Card Fraud                           | 5-years' incarceration, 1 year suspended per count; Count 1 to run consecutive to all other sentences; Counts 2-3 to run concurrently to Count 1; 1-year probation; substance abuse counseling and/or testing as directed; pay court costs. |
| 04/07/2000 | (1) Credit Card Theft (3 counts)<br>(2) Forging Public Records                                      | 2-years' incarceration per credit card theft count, to run concurrently.<br>2-years' incarceration for forgery, concurrent. |
| 07/14/2000 | (1) Petit Larceny<br>(2) Forgery<br>(3) Uttering<br>(4) Credit Card Theft<br>(5) Credit Card Theft | Count 1: 12-months' incarceration.<br>Count 2: 10-years' incarceration, 9 years and 6 months suspended.<br>Count 3: 10-years' incarceration, 9 years and 6 months suspended.<br>Count 4: 10-years' incarceration, 9 years suspended.<br>Count 5: 10-years' incarceration, 9 years suspended.<br>Counts to run consecutively. Credit for time served. 40 years good behavior upon release; indefinite probation; $1,450 costs; restitution to be determined by probation; substance abuse treatment; provide DNA.<br><br>07/17/20: Found in violation. Suspended execution of sentence revoked; Court resuspends all time imposed conditioned upon same terms and conditions of previous suspended sentence; 5 years good behavior restarts 07/17/20; sentence consecutive to all other sentences; released from supervised probation; $631 costs. |
| 02/01/2010 | (1) Theft-Scheme $1,000 to under $10,000                                                            | 7-years' incarceration, 5 years and 9 months suspended; probation until 08/06/13; $1,417.60 restitution; $10,000 fine and $57.50 costs, suspended. |

4

| | | |
|---|---|---|
| 03/07/2010 | (1) Theft-Scheme Less Than $1,000 | 18-months' incarceration, 3 months suspended; probation until 08/06/13; $40 restitution; $500 fine and $57.50 costs, suspended. |
| 03/17/2011 | (1) Credit Card Theft | 10-years' incarceration to run consecutive to any other sentence; credit for time served; all but 18 months suspended for 5 years good behavior upon release; 5-years' supervised probation; substance abuse screening, assessment, testing and treatment as directed; $540 costs plus attorney fees.<br><br>03/11/21: Probation Violation. Suspended execution of sentence and probation revoked. Balance of sentence ordered into execution with all but time served suspended; removed from supervised probation; additional court costs imposed. |
| 03/23/2011 | Fraudulent Use of a Credit Card | 5-years' incarceration, 2 years suspended for 20 years good behavior upon release; credit for time served; 3-years' probation; $140 restitution; pay costs. |
| 02/23/2017 | Theft Less Than $1,000 | 6-months' incarceration |
| 04/13/2017 | Theft Less Than $1,000 | 6-months' incarceration, suspended. 3-years' probation. |
| 12/11/2017 | Theft Scheme: $25,000 to Under $100,000 | 10-years' incarceration; credit for 222 days. |

As illustrated above, no sentence of imprisonment, suspended incarceration, or probation has deterred the defendant's criminal conduct.

### C. Pretrial Release Violation

The defendant has been on pretrial release since his initial appearance on February 2, 2021. PSR at 1. On May 12, 2021, the defendant submitted a positive urine specimen for cocaine, in violation of his pretrial supervision. ¶ 17. Additionally, the defendant "has not been fully cooperative with the Probation Office during the presentence investigation." *Id*. This includes the

defendant not providing sufficient financial information and not responding to the probation office in a timely manner. *Id*.

## II. ANALYSIS

The United States recommends a sentence of 12 months of probation with a special condition that he serve a term of incarceration of 150 days and restitution in the amount of $180. This period of incarceration is on the high end of the statutory range, but it is necessary to protect the public and prohibit violations of law by the defendant over the next five months.

Pursuant to 18 U.S.C. § 3553(a), the Court must consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to, among other things, reflect the seriousness of the offense and adequately deter criminal conduct; (3) the kinds of sentences available; (4) the need to avoid unwarranted sentence disparities among defendants with similar records found guilty of similar conduct; and (5) the need to provide restitution to victims of the offense.[1]

The defendant's history illustrates that he is a significant danger to the public and has been for the past 40 years. There is no reason to believe that he will not continue to be a threat to others. Past behavior is the best predictor of future conduct and the defendant has committed the same offenses time and time and time again. Many of his convictions follow the same pattern—stealing credit cards from victims and then attempting to use the cards as soon as possible before the victims realize they are missing. The defendant has continued to violate the law after each of his prior convictions, even though many offenses have resulted in sentences of more than one-year of

---

[1] The defendant's offense is a petty misdemeanor. Accordingly, there are no guidelines for this offense.

incarceration. This pattern illustrates that the defendant will not be deterred, and that no matter what the sentence is, the defendant will likely continue committing this type of crime once he is released. While a sentence of 150 days' imprisonment will not deter the defendant, it is necessary to incapacitate him in jail so that he many not victimize others during this period. At least while the defendant is incarcerated, he will not be able to steal credit cards.

The requested sentence will also illustrate to others that although breaking into vehicles to steal belongings may be a quick crime that is easy to commit, it is nonetheless a serious offense that will result in a significant penalty.

The defendant pled guilty in this case. So, while his criminal history suggests that the maximum sentence of six months' incarceration might be appropriate, the United States believes that he should receive some credit for accepting responsibility by pleading guilty. It is however troubling that the defendant did not fully cooperate with the probation office and tested positive for using narcotics while on pretrial release.

The victims had to pay $180 to fix their window. Accordingly, the United States asks that the defendant's sentence include $180 in restitution.[2]

---

[2] While the United States has serious doubts about whether the defendant is amenable to supervision given his criminal history, the government believes that a term of probation is necessary to ensure that restitution is paid.

### III. CONCLUSION

Based on the U.S.C. § 3553(a) factors, the United States recommends a sentence of 12 months' probation with a special condition that he serve 150-days' incarceration and pay restitution of $180.

Date: June 10, 2021

Respectfully submitted,

Raj Parekh
Acting United States Attorney

By: _____/s/_____
Sarah E. Roessler
Special Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3964
Facsimile: (703) 299-3980
Email: Sarah.Roessler2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2021, I caused a copy of the foregoing memorandum to be filed with the Clerk of Court using the CM/ECF system, which will automatically generate a Notice of Electronic Filing (NEF) to all counsel of record.

/s/
Sarah E. Roessler
Special Assistant United States Attorney